DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FI-POMPANO REHAB, LLC** d/b/a **POMPANO HEALTH AND
REHABILITATION CENTER,**
Appellant,

v.

**MARJORIE IRVING,** Personal Representative
of the Estate of Mercedes Nesbeth,
Appellee.

No. 4D16-3121

[ July 5, 2017 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE-16-000244.

Karen M. Rich and Amy L. Christiansen of Spector Gadon & Rosen, LLP, St. Petersburg, for appellant.

William A. Dean of Ford, Dean & Rotunto, P.A., Miami, for appellee.

PER CURIAM.

FI-Pompano Rehab, LLC d/b/a Pompano Health and Rehabilitation Center ("Pompano Rehab") appeals a non-final order denying its motion to compel arbitration. We reverse, because the arbitration agreement at issue was neither substantively or procedurally unconscionable.

Mercedes Nesbeth ("Nesbeth") was admitted to Pompano Rehab, a rehabilitation and nursing center. Thirty-four days after Nesbeth was admitted, Marjorie Irving, ("Irving"), her daughter and power of attorney, signed on her behalf a Resident Admission Agreement that contained an arbitration provision in a section referred to as the "voluntary Section of the Admission Agreement." The agreement briefly explains arbitration in general and provides:

> Arbitration under this Admission Agreement shall be governed and interpreted in accordance with the Federal Arbitration Code and, to the extent its provisions do not conflict with the Federal Arbitration Code, the applicable Arbitration Code, Act

or Statute of the State where the Facility is physically located. Both parties have the right to be represented by an attorney at the arbitration at their own expense. Each party is to bear their own attorneys' fees and costs incurred in relation to any arbitration conducted pursuant to this Section of the Admission Agreement. All costs and expenses of the arbitrator shall be borne equally by the parties.

The arbitration section of the admission agreement concludes with:

As explicitly stated below, both the Resident and the signing staff member at the Facility hereby acknowledge that they understand that: (1) the Resident has the right to seek legal counsel concerning this voluntary Section of the Admission Agreement, (ii) the execution of this voluntary Section of the Admission Agreement is not a precondition to the furnishing of services to the Resident by the Facility, and (iii) this voluntary Section of the Admission Agreement may be revoked by written notice to the Facility from the Resident within three (3) days of signature.

Nesbeth died while in the care of Pompano Rehab. Subsequently, Irving filed a complaint against Pompano Rehab, seeking damages for violations of Chapter 400, Florida Statutes, which she alleged occurred while Nesbeth was a resident of the facility. Pompano Rehab filed a motion to compel arbitration citing the arbitration provision contained in the admission agreement signed by Irving.

Irving filed a response in which she relied on our decision in *Romano v. Manor Care, Inc.*, 861 So. 2d 59 (Fla. 4th DCA 2003), to argue that the arbitration agreement was unconscionable because it was signed after Nesbeth's admission to the facility, and therefore unenforceable. Irving argued:

It is undisputed that the Defendant Nursing Home Facility had Mercedes Nesbeth sign the arbitration agreement sub judice **34 days** after the Defendant had accepted Mercedes Nesbeth into their facility and provided care, treatment, and supervision to her. It is clearly unconscionable for any nursing home to admit a resident to their facility, then have that nursing home resident execute an arbitration agreement **after** admission.

After a limited hearing, the trial court denied Pompano Rehab's motion to compel arbitration, citing *Romano*, as well as *Shotts v. O.P. Winter*

2

*Haven, Inc.*, 86 So. 3d 456 (Fla. 2011), and *Gessa v. Manor Care of Fla., Inc.,* 86 So. 3d 484 (Fla. 2011). This appeal followed.

"In reviewing the denial of a motion to compel arbitration, the trial court's factual findings are reviewed under a competent, substantial evidence standard." *BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 873 (Fla. 4th DCA 2007) (citation omitted). "However, the standard of review applicable to the trial court's construction of an arbitration provision, and its application of the law to the facts found, is *de novo.*" *Id.* at 874 (quoting *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1023 (Fla. 4th DCA 2005)).

"In ruling on a motion to compel arbitration, the trial court is limited to three inquiries: '(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.'" *Romano*, 861 So. 2d at 61 (quoting *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)). The issue in this appeal focuses on the first inquiry, whether a valid arbitration agreement exists. More specifically, Irving contends the agreement is unconscionable.

In order to obtain a ruling that a contract provision is unconscionable, "a party must demonstrate both procedural and substantive unconscionability." *Zephyr Haven Health & Rehab Ctr., Inc. v. Hardin*, 122 So. 3d 916, 920 (Fla. 2d DCA 2013) (citing *Orkin Exterminating Co. v. Petsch*, 872 So. 2d 259, 264 (Fla. 2d DCA 2004)). "Procedural unconscionability concerns the manner in which the contract is entered, whereas substantive unconscionability looks to whether the contractual terms are unreasonable and unfair." *Fonte*, 903 So. 2d at 1025 (citing *Romano*, 861 So. 2d at 62). The burden of proving unconscionability lies with the party seeking to avoid the arbitration provision. *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1158 (Fla. 2014).

While both procedural and substantive unconscionability must be present in order for a court to decline to enforce a contract provision, they need not be present to the same degree. *Romano,* 861 So. 2d at 62 (citations omitted). Courts employ a "sliding scale" or balancing approach to the unconscionability question:

> The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. But they need not be present in the same degree. Essentially a sliding scale is invoked which disregards the regularity of the procedural

process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves. In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

*Basulto,* 141 So. 3d at 1159 (quoting *Romano,* 861 So. 2d at 62).

In the instant case, based on Irving's response to the motion to compel arbitration, and the order denying the motion to compel arbitration, Irving argued only procedural unconscionability. Thus, to the extent the trial court determined that the agreement is unenforceable based on only one prong of unconscionability, it erred. *Hardin,* 122 So. 3d at 22.

Although Irving argues on appeal that the agreement is substantively unconscionable because it frustrates the remedial purpose of Chapter 400 by requiring that the parties equally share in the cost of the arbitrator, she did not make this argument below, and the trial court did not deny the motion on that basis. This Court will only consider arguments that were raised in the proceedings below. *See Cosid, Inc. v. Bay Steel Prods. Co., Inc.,* 288 So. 2d 277, 277 (Fla. 4th DCA 1974) (citation omitted) ("Except in the case of fundamental error[,] a point not raised and determined in the court below cannot be raised for the first time on appeal; an appellate court must confine itself to a consideration of only those matters in question that were before the lower court.").

Nevertheless, regardless of whether the issue was raised below, Irving's argument fails because the arbitration agreement at issue is not substantively unconscionable. The arbitration provision does not deprive Irving of any statutory cause of action, it does not defeat the remedial purpose of Chapter 400, and it does not limit damages. *Cf. Romano,* 861 So. 2d 59 at 62-63 (concluding that arbitration agreement was substantively unconscionable where it contained a limitation of liability provision that excluded punitive damages and limited non-economic damages to a maximum of $250,000); *Alterra Healthcare Corp. v. Bryant,* 937 So. 2d 263, 266 (Fla. 4th DCA 2006) (same).

Likewise, the arbitration agreement at issue does not violate public policy. In *Shotts,* our supreme court held that the arbitration agreement violated public policy because it limited statutory remedies created by the Legislature with the intent to protect the rights of nursing home residents. 86 So. 3d at 474. There, the arbitration agreement provided that the resident waived entitlement to punitive damages. *Id.* at 471. Likewise, in

*Gessa*, the court held that the arbitration agreement violated public policy by placing a cap on non-economic damages and waived punitive damages. *Gessa,* 86 So. 3d at 493. In both cases, the violating provisions were deemed to erode access to statutory remedies provided in sections 400.022 and 400.023, Florida Statutes (2003). *Shotts,* 86 So. 3d at 474; *Gessa,* 86 So. 3d at 493.

In the instant case, the arbitration agreement did not limit any specific statutory remedies created by the Legislature. Instead, Irving contends that the arbitration agreement violated public policy (and is substantively unconscionable) because requiring a party to equally pay for an arbitrator "can easily frustrate the remedial purpose of chapter 400 by denying access to arbitration for the indigent plaintiff." However, Irving did not provide any evidence to show that the costs of arbitration were so prohibitive as to prevent any resident of Pompano Rehab from pursuing statutory remedies. *See FI-Tampa, LLC v. Kelly-Hall,* 135 So. 3d 563, 568 (Fla. 2d DCA 2014) (holding that arbitration agreement, signed three days after patient's admission to facility and that required cost sharing, did not violate public policy even though the particular litigant could not afford to arbitrate her claims); *Hardin,* 122 So. 3d at 22 (holding that arbitration agreement, signed two days after patient's admission to nursing facility and that required cost sharing, was enforceable).

Finally, *Romano* does not control the outcome of this case as to the issue of procedural unconscionability. In *Romano*, we reversed a trial court order requiring arbitration because *after* the spouse who was ill had been admitted, the spouse signing the admission agreement was presented with six different documents to be signed, one of which was a six-page arbitration agreement. 861 So. 2d at 61. The signing spouse was directed that the documents must be signed, but was not told that if the arbitration agreement was not signed, it would not affect whether the ill spouse could remain in the facility. *Id.* Here, the admission agreement itself made it clear, in simple to understand language, that signing the arbitration agreement was voluntary, and that the arbitration agreement was not a precondition to the furnishing of services to Nesbeth.

Based on the foregoing, we conclude that the trial court erred in denying the motion to compel arbitration. We reverse and remand with directions to the trial court to enter an order compelling arbitration.

*Reversed and remanded.*

TAYLOR, MAY and CONNER, JJ., concur.

5

\*　　　\*　　　\*

*Not final until disposition of timely filed motion for rehearing.*